[Civ. No. 26007.   Second Dist., Div. Two.   Aug. 28, 1962.]

CLEMMIE LEWIS, Plaintiff and Appellant, v. THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, Defendant and Respondent.

Lee, La Vigne & Davis and B. T. Davis, Jr., for Plaintiff and Appellant.

Betts, Ely & Loomis and John A. Loomis for Defendant and Respondent.

HERNDON, J.—This is an appeal from a judgment entered in favor of defendant in an action for declaratory relief by plaintiff. The sole issue sought to be determined in this action was whether or not an insurance policy issued by defendant on May 13, 1959, provided coverage in the event of accidents involving uninsured motorists. This type of coverage was entitled ''Family Protection'' in the policy and was subitem ''J'' in the list of risks covered running from ''A'' through ''J.'' Plaintiff is not the named insured, but was a passenger in a vehicle covered by the policy and driven by the named insured at the time of the accident. The parties agree that plaintiff would be entitled to recovery in this situation if the ''Family Protection'' coverage were operative.

The first page of the policy is divided into six ''Items.'' Item 1 sets forth the name and address of the insured; item 2 indicates the period of time covered; item 3 describes the coverage, the limits of liability and the premiums therefor; item 4 contains descriptions of the vehicles owned by the insured; item 5 names the loss payee; and item 6 indicates a place where the vehicles are garaged, the number thereof, and whether a trailer is owned by the insured.

Item 3 provides: *''The insurance afforded is only with respect to such of the following coverages as are indicated by specific premium charge or charges. The limit of the company's liability against each such coverage shall be as stated herein, subject to all the terms of this policy having reference thereto.''* (Emphasis added.) Subitem A provides coverage for ''Bodily Injury Liability'' and the amounts of the coverage are stated in a column captioned ''Limits of Liability.'' In the column captioned ''Premiums'' the premiums for the two covered vehicles are stated. Similar insertions for both cars appear under subtitle B relating to coverage for ''Property Damage Liability,'' and under subitem C for ''Medical Payments.'' In subitems D and E dealing with ''Comprehensive'' and ''Collision,'' limitations of liability are indicated under that heading; however, the premiums for the latter two items of coverage are stated only under the heading referring to car No. 2.

Under subitems F and G dealing with coverages for ''Fire, Lightning and Transportation'' and ''Theft,'' the following appears under limits of liability heading: ''Inc. in D.'' No further amounts appear in the column indicating the amounts of the premiums. Under subitems H, I, and J, dealing with

"Combined Additional Coverage," "Towing and Labor Costs," and "Family Protection," respectively, no insertions have been made, either under the "Limits of Liability" column or under the "Premiums" column, for either car.

Appellant concedes that if this were all that appeared on the page, there would be no question but that the coverage for vehicle No. 1 would be subitems A, B, and C only, and for vehicle No. 2, subitems A, B, C, D, E, F, and G only. He refers, however, to a small box in the upper right-hand corner of the page where, following the policy number, there are two columns captioned "Cov." and "Premiums." In one of these columns the letters designating the items of coverage are typed in; in the other column, opposite said letters, the applicable premiums are listed. Thus, A, C, and J appear together followed by a premium figure of $93.70; coverages B and E appear on separate lines followed by their respective premiums as shown in Item 3 as described above; and coverages D, F, G, H and I are grouped together opposite the premium figure $21 appearing on the other column.

Appellant contends that these notations in the corner box are "terms of the policy" and applicable to Item 3 under the language above quoted, i.e., "The limit of the company's liability against each such coverage shall be as stated herein, *subject to all the terms of this policy having reference thereto.*" (Emphasis added.) Further, since the premiums are shown in the box following the various coverages, the policy is rendered ambiguous. Appellant then cites decisions holding that all ambiguities must be construed against the insurer and that, where semantically permissible, the contract of insurance should be given a construction which most fairly achieves the objective of securing indemnity to the insured for the losses to which the insurance relates.

We certainly have no quarrel with the decisions cited by appellant, but *"the rule is equally well established that where the terms of the policy are plain and explicit, the court will indulge in no forced construction so as to cast a liability upon the insurance company which it has not assumed."* (*Jensen* v. *Traders & General Ins. Co.,* 52 Cal.2d 786, 791 [345 P.2d 1]; *New York Life Ins. Co.* v. *Hollender,* 38 Cal.2d 73, 81 [237 P.2d 510].)

Manifestly, the items in the corner box are not "terms of the policy" having reference to the limits of liability; nor are they susceptible of any rational construction which would bring them into conflict with the clear language and intend-

ment of Item 3. The total premium shown for subitems A, C and J is identical with the total of the premiums as shown in Item 3 for subitems A and C alone. Thus, it is apparent that no further premium was added for subitem J. That is, it still remained zero. This is also true of the grouping of subitems D, F, G, H and I. If appellant's tenuous and strained construction were adopted, it would rationally follow that he would be entitled to coverage for "Towing and Labor Costs" and "Combined Additional Coverage" without the payment of any premium therefor.

The policy here involved became effective on May 13, 1959. The first statutory requirement that accidents caused by uninsured motorists be covered came into section 11580.2 of the Insurance Code through the enactment of chapter 817, section 1, Statutes of 1959, effective September 18, 1959; hence, the doctrine of *Wildman* v. *Government Emp. Ins. Co.*, 48 Cal.2d 31 [307 P.2d 359], that a statutory requirement automatically becomes a part of each policy, is inapplicable to the instant case. (*Interinsurance Exchange etc. of So. Cal.* v. *Ohio Casualty Ins. Co.*, 58 Cal.2d 142, 148-149 [23 Cal.Rptr. 592, 373 P.2d 640].)

The named insureds are not parties herein, and although one of them was called as a witness, he was not asked whether or not he misunderstood the meaning or effect of any provision of the policy. The trial court was clearly justified in refusing to create such a patently artificial ambiguity where none in fact existed solely to permit a third party to recover against the insurer.

The judgment is affirmed.

Fox, P. J., and Ashburn, J., concurred.