[Civ. No. 28129. Second Dist., Div. One. Feb. 2, 1965.]

CLARENCE L. KIRBY et al., Plaintiffs and Appellants, v. OHIO CASUALTY INSURANCE COMPANY, Defendant and Respondent.

Newell & Chester, Robert M. Newell and Theodore A. Chester for Plaintiffs and Appellants.

Stockdale, White & Atkisson, Parker, Stanbury, McGee, Peckham & Garrett and B. E. Atkisson for Defendant and Respondent.

FOURT, J.—This is an appeal from a judgment declaring in effect that plaintiffs take nothing under certain policies of insurance.

Plaintiffs brought an action in declaratory relief to have determined their rights under certain insurance policies issued by defendant. An agreed statement of facts was submitted by the parties and the court made findings of fact[1]

---

[1]"FINDINGS OF FACT

"I

"On May 6, 1962, the plaintiffs, Mr. and Mrs. Clarence L. Kirby and Mr. and Mrs. J. E. Kirby, Jr., were occupants of a vehicle being operated by Samuel D. Gunn. Mrs. Gunn was also an occupant of the automobile. An accident occurred with another vehicle and all of the occupants of the Gunn automobile received injuries. For purposes of this action only the court finds that the negligence of the driver of the other vehicle was the sole proximate cause of the accident.

"II

"The owner and operator of the other vehicle carried no public liability insurance. Defendant Ohio Casualty Insurance Company had previously issued to Mr. Gunn an automobile liability policy which included an uninsured motorist provision with limits of liability in the sum of $10,000 for each person and $20,000 for each accident. In addition, defendant Ohio Casualty Insurance Company had previously issued to Mr. and Mrs. Clarence L. Kirby a similar policy of insurance, and had issued a similar policy of insurance to Mr. and Mrs. J. E. Kirby, Jr. Each of the three policies specified the same limits of $10,000 per person and $20,000 per accident.

"III

"'All three of the policies referred to above were issued after September 15, 1961, and were in full force and effect on May 6, 1962. All three

substantially in accordance with such agreed statement of facts.

The court concluded as a matter of law that plaintiffs had no coverage under the defendant's policies issued to the Kirbys and plaintiffs were not entitled to recover anything from defendant under the uninsured motorist provisions of the policies issued by defendant to the Kirbys. Judgment was entered accordingly on November 12, 1963. This appeal followed.

Appellants assert that they are entitled to recover additional sums under their policies of insurance—the amounts to be computed in one of two ways: i.e., (1) for each plaintiff, the difference between the amount he or she is entitled to under the Gunn policy and $10,000, or (2) for each plaintiff, up to $10,000 in addition to his or her rateable share of the Gunn policy, depending on the severity of the injuries of the respective plaintiff.

There is no merit to appellants' contentions.

The Uninsured Motorist Act is set forth in part in section 11580.2, Insurance Code, and provides in effect that each automobile bodily injury liability policy issued or delivered in California shall provide coverage to the insured for bodily injury wrongfully inflicted by an uninsured motorist with limits at least equal to those specified in Vehicle Code, section 16059 ($10,000 for one person and $20,000 for one accident) unless such coverage is waived by written agreement. If such provisions are not a part of the policy they will be read into

---

policies were identical except as to the named insureds and the automobile described in each policy. A specimen form of each such policy is attached hereto marked Exhibit 'A' and made a part hereof.

''IV

''The proceeds of the Gunn policy are available to all occupants of the Gunn automobile.

''V

''Pursuant to stipulation of counsel, the court finds that the injuries and the damages sustained by the occupants of the Gunn vehicle exceeded the limits of the Gunn policy.

''VI

''Each of the three policies involved contained the following provision under part IV 'Protection against uninsured motorists':

'' 'Other Insurance. With respect to bodily injury to an insured while occupying an automobile not owned by the named insured the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such occupant, and this insurance shall then apply only in the amount by which the applicable limit of liability of this Part exceeds the sum of the applicable limits of liability of all such other insurance.' ''

it under the case law of California. (*Wildman* v. *Government Employees' Ins. Co.*, 48 Cal.2d 31 [307 P.2d 359]; *Interinsurance Exchange* v. *Ohio Cas. Ins. Co.*, 58 Cal.2d 142 [23 Cal.Rptr. 592, 373 P.2d 640]; *Hendricks* v. *Meritplan Ins. Co.*, 205 Cal.App.2d 133 [22 Cal.Rptr. 682]. See also 48 California Law Review, 516-540 for an extensive article with reference to the subject of "uninsured motorist insurance.")

The act provides within itself certain exemptions.[2]

The plaintiffs in this case were injured while riding in an automobile other than the automobile described in the respective policies issued by the defendant company to them. The owner of the automobile in which they were riding had an insurance policy containing uninsured motorist coverage under which the plaintiffs were insured. It would seem clear under the circumstances and the plain language of the policies that plaintiffs were not statutorily covered by their own respective policies with defendant company.

 We see no reason why the provisions of the "other insurance" clause of the insurance contract are not wholly valid and proper. The same problem under substantially the same clause in a policy of insurance issued by Travelers Indemnity Co. of Hartford, Connecticut, was involved in *Travelers Indemnity Co. of Hartford, Conn.* v. *Wells*, 316 F.2d 770 (4th Circuit Court of Appeals—decided April 22, 1963). The court there held that "the provision is too explicit to give footing for stretching the uninsured endorsement beyond its terms." Likewise, the Supreme Court of Iowa in *Burcham* v. *Farmers Insurance Exchange*, 255 Iowa 69 [121 N.W.2d 500] (May 7, 1963) has held substantially as we here hold under a similar situation. (See also *Globe Indemnity Co.* v. *Baker's Estate*, 22 App.Div.2d 658 [253 N.Y.S.2d 170].)

---

[2]Section 11580.2 of the Insurance Code provides:

"(c) The insurance coverage provided for in this section does not apply:

"(1) To property damage sustained by the insured.

"(2) *To bodily injury of the insured while in or upon or while entering into or alighting from an automobile other than the described automobile if the owner thereof has insurance similar to that provided in this section.*

"(3) To bodily injury of the insured with respect to which the insured or his representative shall, without the written consent of the insurer, make any settlement with or prosecute to judgment any action against any person who may be legally liable herefor.

"(4) In any instance where it would inure directly or indirectly to the benefit of any workmen's compensation carrier or to any person qualified as a self-insurer under any workmen's compensation law." (Italics added.)

The trial judge at the conclusion of the argument in the present case succinctly stated what we deem to be good and sufficient reason for the judgment; he stated, among other things:

"The matter is so crystal clear that any further argument would be useless.

"The Court views this policy and this case precisely as the U.S. Court of Appeals did in Travelers versus Wells, 316 Fed.2d 770. There the Court analyzed the provisions of the contract—which were practically identical to ours—and came to what this Court believes to be a correct and the only possible conclusion under the facts and the law.

"The intention of our legislature was to provide minimum statutory limits of 10 and 20 thousand. When the legislature used the words, 'similar insurance to that provided in this Section,' it did not 'propose those words to provide an injured guest the uninsured protection beyond the statutory amounts through a combination of the host's insurance, and that owned by the guest himself.' Your argument, Mr. Newell, that those words mean equal in amount would, if accepted, require the Court to conclude that the legislature was incapable of expressing a simple factual situation. If the legislature had intended what you assert that language means it could have used appropriate language which would have reflected that view. But the legislature said, 'insurance similar to that provided in this Section.' The only insurance provided in this Section is simply uninsured motorist coverage.

"The position of the defendant in this case is also fully sustained by the view of the Supreme Court of Iowa in the case of Burcham versus Farmers Insurance Exchange, 101 N.W.2d, 500.

"Of course, nothing in the statute would prevent the insurance company from increasing coverage by assuming an additional contractual liability, but it did not do so in this case. The only portion of the policy which would possibly be interpreted to extend contractually the statutory liability is the paragraph 'other insurance' under Part IV. But the Court simply cannot accept plaintiffs' interpretation of the language there used. That paragraph limits the liability of the company to an amount, 'by which the applicable limit of liability of this part exceeds the sum of the applicable limits of liability of all such other insurance.'

"Now it is clear from the stipulation of the parties that the applicable limits are the face of the policies, the amounts

for which the policies were written. Each policy was written on a 10 and 20 basis. So it is clear that the applicable limits of the Kirby policies do not exceed the applicable limit of the Gunn policy, and since such is the case, that is the end of this litigation.''

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.