[Civ. No. 7679.   Fourth Dist., Div. One.   Feb. 8, 1966.]

PHOENIX ASSURANCE COMPANY OF NEW YORK, Defendant, Cross-defendant and Appellant, v. LILLIAN C. LARSEN, Defendant, Cross-complainant, and Respondent.

Crider, Tilson & Ruppé, Edward A. De Buys and Abe Mutchnik for Defendant, Cross-defendant and Appellant.

Schall, Nielsen, Boudreau & Price and Maurice V. Boudreau for Defendant, Cross-complainant and Respondent.

WHELAN, J.—On July 25, 1962, Lillian C. Larsen (respondent) was one of four occupants of an automobile owned and driven by Kathleen M. Simpson when it collided with a vehicle owned and operated by an uninsured motorist. All four occupants of the Simpson car suffered injuries, which were fatal to two of them.

Kathleen M. Simpson had uninsured motorist insurance coverage with policy limits of $10,000 and $20,000 issued by Fidelity and Casualty Company of New York (Fidelity). Fidelity has made its policy limits of $20,000 available to the occupants and surviving spouses and legal representatives of deceased occupants of the Simpson vehicle by interpleading them.

On August 12, 1961, appellant Phoenix Assurance Company of New York (Phoenix) issued its bodily injury liability policy of insurance in favor of respondent as "named insured." It contained a provision for uninsured motorist coverage with limits of $10,000 and $20,000. Phoenix also was named a defendant in the interpleader action.

By cross-complaint against Phoenix, respondent sought a declaration that the Phoenix policy gave her coverage of $10,000 in addition to that provided by the Fidelity policy.

The Phoenix policy contained these provisions relative to "other insurance" in a section numbered "5" under "Conditions":

"With respect to bodily injury to an insured while occupying an automobile not owned by a named insured under this endorsement, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such occupant, and this insurance shall then apply only in the amount by which the applicable limit of liability of this endorsement exceeds the sum of the applicable limits of liability of all such other insurance.

"With respect to bodily injury to an insured while occupying or through being struck by an uninsured automobile, if

such insured is a named insured under other similar insurance available to him, then the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable under this endorsement for a greater proportion of the applicable limit of liability of this endorsement than such limit bears to the sum of the applicable limits of liability of this insurance and such other insurance.

"Subject to the foregoing paragraphs, if the insured has other similar insurance available to him against a loss covered by this endorsement, the company shall not be liable under this endorsement for a greater proportion of such loss than the applicable limit of liability hereunder bears to the total applicable limits of liability of all valid and collectible insurance against such loss."

The trial court found that the policy provisions quoted above, relative to "other insurance," are ambiguous and uncertain, and the court interpreted the quoted provisions to mean that the uninsured motorist provisions in the policy should apply in the amount of $10,000 over and above any sum recovered by respondent from Fidelity.

The findings of fact and conclusions of law do not state what are the possible interpretations other than that placed upon the language by the court. Respondent finds the ambiguity in a claimed inconsistency between the first and third paragraphs of the "other insurance" condition.

The second paragraph, not mentioned by respondent, deals with other similar insurance in which the insured is a *named insured*. If there were such other insurance, the liability of Phoenix under the third paragraph would be prorated with relation to the total of all such available valid and collectible insurance.

The first paragraph deals with available similar insurance in which the insured is not the *named insured*. In that case the liability of Phoenix is only for the amount by which its policy exceeds the limit of the other policy. If there were, for instance, a $5,000 policy on the other car, Phoenix must make up the difference.

Paragraph three might serve as a further limitation of liability for excess insurance under paragraph one. Such further limitation would occur if that proportion of the loss represented by the ratio of the applicable limit of the Phoenix policy to the total applicable limits of all valid and collectible insurance was less than the amount by which the

applicable limit of the Phoenix policy exceeded the applicable limit of the other insurance. On the other hand, if that proportion of the loss exceeded the amount of such excess insurance, paragraph one would limit the amount of the recovery from Phoenix.

There is neither ambiguity nor inconsistency in the quoted language of section 5 of the conditions which relate to ''Other Insurance.''

Respondent argues that the ''Other Insurance'' provisions are in opposition to Insurance Code, section 11580.2, subdivision (d), which respondent interprets to mean that the policy must provide that in cases of multi-coverage the damage shall not exceed the higher of the applicable limits of the respective coverages. Respondent asserts that since no such restriction was placed by Phoenix in the proration clause of paragraph three of section 5 of the policy, there is no exception in the policy in favor of the insurer.

It is clear, however, that Insurance Code, section 11580.2, subdivision (d), is permissive throughout; that it defines limits that may but are not required to be placed in a contract furnishing a type of insurance that the insurance company is not required by section 11580.2 to furnish, that is, insurance against loss while the insured is in a vehicle not owned by the insured if the owner of such vehicle has the type of insurance required by the section.

The legality of such a limitation of liability has been passed on adversely to respondent's contention in *Grunfeld* v. *Pacific Auto. Ins. Co.*, 232 Cal.App.2d 4 [42 Cal.Rptr. 516], and *Kirby* v. *Ohio Cas. Ins. Co.*, 232 Cal.App.2d 9 [42 Cal.Rptr. 509].

The judgment is reversed with instructions to enter a judgment declaring, in effect, that defendant Phoenix Assurance Company, under the circumstances as here presented, has no liability to Lillian C. Larsen under the uninsured motorist provision of the policy of insurance issued by Phoenix to Larsen.

Brown (Gerald), P. J., and Coughlin, J., concurred.