[Civ. No. 23718.   First Dist., Div. One.   Feb. 21, 1968.]

MALCOLM DARRAH et al., Cross-complainants and Appellants,   v.   CALIFORNIA   STATE   AUTOMOBILE ASSOCIATION, INTER-INSURANCE BUREAU et al., Cross-defendants and Respondents.

Emmons, Williams, Mires & Leech and James E. Cooke for Cross-complainants and Appellants.

Marquart & Jackson, Robert W. Yank, Hagar, Crosby & Rosson, Justin M. Roach, Jr., and Burton Mason for Cross-defendants and Respondents.

ELKINGTON, J.—This appeal concerns the uninsured motorist provisions of Insurance Code section 11580.2.

The car of an admittedly negligent uninsured motorist collided with an automobile owned and driven by George Rehm. Appellants and cross-complainants John L. Wheatley and Malcolm Darrah were passengers in the Rehm automobile. Rehm died and Darrah and Wheatley suffered serious bodily injuries as a proximate result of the accident. Rehm's wife survived him.

Cross-defendant and respondent Allstate Insurance Company (hereinafter referred to as Allstate) had in force a policy of automobile insurance issued to Rehm. The policy provided uninsured motorist coverage to Rehm and other persons occupying his vehicle, with liability limits of $10,000 as to any one claimant and $20,000 as to any one accident. Wheatley and Darrah were also automobile owners. At the time of the accident each had in force a policy of automobile insurance with the same uninsured motorist provisions and liability limits as the policy of Rehm. Wheatley's policy was also written by Allstate, while Darrah's was written by cross-defendant and respondent California State Automobile Association, Inter-Insurance Bureau (hereinafter referred to as CSAA).

Rehm's widow, Wheatley and Darrah made claims for damages pursuant to the uninsured motorist provisions of the Rehm policy. Together these claims were for damages reasonably in excess of the $20,000 limits of the policy, and separately, each exceeded $10,000.

In an interpleader action commenced by Allstate, Wheatley and Darrah cross-complained for declaratory relief against Allstate and CSAA. They sought an adjudication that Allstate and CSAA were liable respectively under the uninsured motorist provisions of the Wheatley and Darrah policies for "the full amount of . . . damages up to the difference between what [was] received under the Rehm policy" and their own policy limits. The trial court, holding that there was no such liability, granted judgment on the pleadings against Darrah, and entered judgment against Wheatley upon his failure to amend after a successful demurrer to his complaint. These judgments are the subject of the instant appeals.

Wheatley and Darrah contend that they are entitled to recover under the uninsured motorist provisions of their own insurance policies, at least to the extent that each policy's $10,000 coverage exceeds the amounts received by each of them under the Rehm policy.[1]

Insurance Code section 11580.2, among other things, provides: ". . . (c) Matters to which coverage inapplicable. The insurance coverage provided for in this section does not apply: . . . (2) To bodily injury of the insured while in or upon or while entering into or alighting from an automobile

---

[1]Wheatley and Darrah received $4,500 and $2,500, respectively, under the Rehm policy.

other than the described automobile if the owner thereof has insurance similar to that provided in this section. . . .''

Following closely the language of section 11580.2 the Wheatley and Darrah policies provided with regard to their "uninsured motorist" provisions: ''. . . With respect to bodily injury sustained by any insured occupying any automobile, other than one owned by the named insured, the insurance hereunder shall not apply if the owner of such automobile has insurance similar to that provided for herein.''

■ It is well established that the rights of Wheatley and Darrah are to be determined by the terms of their policies provided they grant benefits at least equal to those required by the terms of section 11580.2. (*Grunfeld* v. *Pacific Auto Ins. Co.*, 232 Cal.App.2d 4, 6 [42 Cal.Rptr. 516].) No contention is made that the policies do not comply with the Insurance Code section. ■ Furthermore, there can be no doubt of the right of the insurance companies to limit, in accordance with section 11580.2, the coverage of their policies, and when they have done so the plain language of the limitations must be respected. (*Continental Cas. Co.* v. *Phoenix Constr. Co.*, 46 Cal.2d 423, 432 [296 P.2d 801, 57 A.L.R.2d 914]; *Hendricks* v. *Meritplan Ins. Co.*, 205 Cal.App.2d 133, 137 [22 Cal.Rptr. 682].) ■ And when the terms of an insurance policy are plain and explicit, the court will indulge in no forced construction so as to cast unassumed liability on an insurance company. (*Jensen* v. *Traders & General Ins. Co.*, 52 Cal.2d 786, 791 [345 P.2d 1]; *Lewis* v. *Fidelity & Cas. Co.*, 207 Cal.App.2d 160, 162 [24 Cal.Rptr. 388].)

■ Here the Wheatley and Darrah policies constituted insurance similar to that held by Rehm, the owner of the car occupied by them at the time of the accident. By the plain language of those policies their "uninsured motorist" provisions did not apply. A similar conclusion was reached in the cases of *Phoenix Assur. Co.* v. *Larsen*, 240 Cal.App.2d 94 [50 Cal.Rptr. 111]; *Kirby* v. *Ohio Cas. Ins. Co.*, 232 Cal.App.2d 9 [42 Cal.Rptr. 509]; and *Grunfeld* v. *Pacific Auto. Ins. Co.*, *supra*, 232 Cal.App.2d 4.

■ Wheatley and Darrah recognize that the holdings of *Phoenix, supra, Kirby, supra,* and *Grunfeld, supra,* are contrary to their contentions here. They insist, however, that these "authorities should be overruled because of the court's failure to recognize the ambiguity in the meaning of the term 'similar insurance' '' of section 11580.2. We see no ambi-

guity. The word "similar" is defined as " 'Nearly corresponding; resembling in many respects; somewhat like; having a general likeness,' " and as " 'having characteristics in common; very much alike; comparable; . . . alike in substance or structure; identical. . . .' " (*Plum* v. *City of Healdsburg*, 237 Cal.App.2d 308, 317 [46 Cal.Rptr. 827].)

Wheatley and Darrah point to a "paradox" which results from the application of the *Phoenix-Kirby-Grunfeld* rule. If Rehm had been irresponsible, they say, and had carried no insurance, each of them would be entitled to a maximum of $10,000 under the "uninsured motorist" provisions of his own policy. So with Rehm uninsured contrary to the state's public policy (*Wildman* v. *Government Emp. Ins. Co.*, 48 Cal. 2d 31, 39 [307 P.2d 359]) they would have fared better than they do with Rehm insured. But if we eliminated this paradox by means of the interpretation sought by Wheatley and Darrah we would simply create another. Rehm's insured guests would then profit more if struck by an uninsured vehicle than by one with $10,000-$20,000 insurance coverage. In the former situation each would have $10,000 insurance available, while being struck by the insured motorist could result only in a maximum $20,000 benefit to be divided between Rehm (or his estate), Wheatley and Darrah.

Such speculations might be considered by the Legislature but they should not change the clear meaning of section 11580.2 and the subject insurance policies.

Finally, Wheatley and Darrah insist that we apply the well-known rule that any ambiguity or uncertainty of an insurance policy will be construed against the insurer which caused the ambiguity to exist. Even if we were to find an ambiguity that rule would not be fairly applicable here. The policy's language under discussion is not the choice of the insurance companies. It is substantially the language of the Legislature as expressed in section 11580.2.

The judgments are affirmed.

Molinari, P. J., and Sims, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 17, 1968.