[Civ. No. 24137. First Dist., Div. Two. Jan. 21, 1969.]

JESS JOSEPH PRIOTO, JR., a Minor, et al., Plaintiffs and Respondents, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant and Appellant; FARMERS INSURANCE EXCHANGE, Defendant and Respondent.

Bledsoe, Smith, Cathcart, Johnson & Rogers, Robert S. Cathcart and Robert A. Seligson for Defendant and Appellant.

Grunsky & Pybrum, Elmer Pybrum and Frederick H. Ebey for Defendant and Respondent.

Thompson & Hubbard and Daniel I. Reith for Plaintiffs and Respondents.

AGEE, J.—On October 18, 1964, Jess Joseph Prieto, Jr. was injured while riding as a guest in an uninsured 1954 Chevrolet automobile being driven by one Thomas Beisker. Prieto, Jr. had uninsured motorist insurance coverage under a policy written and issued on a 1959 Chevrolet automobile by State Farm Mutual Automobile Insurance Company (hereafter "State Farm") and also under a policy written and issued on a 1953 Cadillac automobile by Farmers Insurance Exchange (hereafter "Farmers").

This declaratory relief action was brought by Prieto, Jr. and his parents to determine the rights and obligations of the two insurance companies.

The State Farm's policy contains the following provision: "With respect to bodily injury to an insured while occupying an automobile not owned by a named insured under this coverage, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such occupant, and this insurance shall then apply only in the amount by which the applicable limit of liability of this coverage *exceeds* the sum of the applicable limits of liability of all such other insurance." (Italics ours.)

The Farmers' policy contains the following provision: "If the insured has other insurance against a loss covered by this policy the Company shall not be liable under this policy for a greater *proportion* of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; . . ." (Italics ours.)

Farmers rely in part upon section 11580.2, subdivision (d) of the Insurance Code, which provides as follows:

"Subject to paragraph (c) (2),[1] the policy or endorsement may provide that if the insured has insurance available to him under more than one uninsured motorist coverage provision, any damages shall not be deemed to exceed the higher of the applicable limits of the respective coverages, and such

---

[1]Paragraph (c)(2) is not applicable herein; it provides that the uninsured motorist coverage does not apply to bodily injury of the insured while in or upon an automobile other than the described automobile, *if the owner thereof has his own uninsured motorist coverage.* (The owner of the 1954 Chevrolet driven by Beisker did not have any uninsured motorist coverage; in all of the cases cited by appellant, the owner of the car in which the injured claimant was riding *did* have uninsured motorist coverage. Therefore, the situation specified in section 11580.2, subdivision (d), was not presented.)

damages shall be *pro-rated* between the applicable coverages as the limits of each coverage bears to the total of such limits.'' (Italics ours.)

The declaratory relief judgment, from which State Farm has appealed, provides that State Farm and Farmers must prorate equally all damages for personal injuries which Prieto, Jr. may recover in any subsequent arbitration proceeding under the uninsured motorist coverage provisions of the two respective policies, up to a combined maximum of $10,000. (This is the amount of each policy's limit.)

### Respective Contentions

State Farm (appellant) takes the position that since its policy clearly and specifically provided that it was *excess* coverage, Farmers (respondent) is not entitled to *prorate* with the State Farm policy.

Farmers' theory is that their ''prorate'' clause, when considered with Insurance Code section 11580.2, subdivision (d), requires an equal proration between the two insurance carriers of any uninsured motorist loss.

The question is purely one of law, there being no dispute as to the facts.

Although an insurance policy is not *required* to contain the provision permitted by section 11580.2, subdivision (d), if it does so, the provision must be given effect. Otherwise, the enactment of such legislation is meaningless. What possible reason could the Legislature have had to pass such a measure if it did not intend that the provision which it authorized was to be enforceable?

The only California appellate decision to discuss or mention section 11580.2, subdivision (d), since its enactment in 1961 is *Phoenix Assur. Co.* v. *Larsen* (1966) 240 Cal.App.2d 94 [50 Cal.Rptr. 111]. In that case, Lillian Larsen was one of four occupants of an automobile owned and driven by one Simpson when it collided with a vehicle owned and operated by an uninsured motorist. All four occupants of the Simpson car suffered injuries.

Simpson had uninsured motorist insurance coverage with Fidelity and Casualty and it offered to pay its entire policy limit of $20,000. However, Larsen also had uninsured motorist insurance coverage under a policy issued by Phoenix. She sought a declaratory judgment that the Phoenix policy gave her coverage of $10,000 *in addition* to that provided by Simpson's Fidelity and Casualty policy.

The Phoenix policy contained the same "excess" clause as that in the State Farm's policy, as quoted above. Larsen pointed out that this provision was in opposition to section 11580.2, subdivision (d). She contended that Phoenix was *required* under this statute to include in her policy the coverage provided for therein.

This contention was rejected, the court stating that "It is clear, however, that Insurance Code, section 11580.2, subdivision (d), is permissive throughout; that it defines limits that may but are not required to be placed in a contract furnishing a type of insurance that the insurance company is not required by section 11580.2 to furnish, that is, insurance against loss while the insured is in a vehicle not owned by the insured if the owner of such vehicle has the type of insurance required by the section." (P. 97.)

Thus, there was no issue in the *Phoenix* case in regard to determining the application of an excess clause in a policy when it conflicts with a prorate clause in another policy. The same is true of *Grunfeld* v. *Pacific Auto. Ins. Co.* (1965) 232 Cal.App.2d 4 [42 Cal.Rptr. 516], and *Kirby* v. *Ohio Cas. Ins. Co.* (1965) 232 Cal.App.2d 9 [42 Cal.Rptr. 509], also cited and relied upon by State Farm.

It is clear to us that in the particular situation presented herein, section 11580.2, subdivision (d), of the Insurance Code is applicable and binding as to the respective coverages provided by the two insurance policies involved herein.

Judgment affirmed.

Shoemaker, P. J., and Taylor, J., concurred.