[Civ. No. 35896. Second Dist., Div. Two. Oct. 6, 1970.]

MID-CENTURY INSURANCE COMPANY,
Plaintiff, Cross-defendant and Respondent, v.
DONALD E. KOCH et al., Defendants, Cross-complainants and Appellants.

COUNSEL

Nathaniel J. Friedman for Defendants, Cross-complainants and Appellants.

Early, Maslach, Foran & Williams and Kenneth H. Wechsler for Plaintiff, Cross-defendant and Respondent.

OPINION

**HERNDON, J.**—Respondent, Mid-Century Insurance Company, brought this action seeking a declaratory judgment and other equitable relief relative to appellants' claim of right to payment under the uninsured motorist coverage of a policy of automobile insurance. Appellants filed an answer and a cross-complaint whereby they also sought declaratory relief and, more particularly, an adjudication that said policy "affords coverage to defendants . . . to a maximum of $10,000 on account of the bodily injuries sustained by the minor defendant herein, Stephen Koch, due to the fault of [an] uninsured motorist."

Both parties moved for summary judgment. After hearing on these motions, the trial court sustained respondent's contention that its obligations under the uninsured motorist coverage of the policy sued upon had been fully discharged by the payment of $10,000 to appellants pursuant to the uninsured motorist provisions of another policy issued by another insurer which provided the same coverage for the same injury.

Appellants Donald E. Koch and Pauline Koch are the natural parents

of appellant Stephen Koch, a minor. On December 29, 1967, Stephen was struck and injured by an automobile operated by a person who at the time of the accident had no policy of insurance in force covering the use and operation of said automobile for public liability and was therefore determined to be an uninsured motorist as defined in the provisions of section 11508.2 of the Insurance Code. As a result of said accident, Stephen sustained damages in an amount exceeding $20,000.

Prior to the date of said accident Farmers Insurance Exchange[1] had issued its policy of public liability insurance to Pauline Koch providing public liability and uninsured motorist coverage for a 1961 Pontiac. Also prior to the accident respondent Mid-Century had issued a similar policy wherein appellant Donald E. Koch was named as insured and providing essentially the same coverage for a 1960 Studebaker. Both policies were in full force and effect at the time of said accident. Since Stephen was a minor residing in the home of Donald and Pauline, his father and mother, he was an insured under both policies.

Subsequent to the date of the accident appellants made claim for uninsured motorist benefits on account of the damages sustained by Stephen under the provisions of the policy which had been issued to Pauline by Farmers Insurance Exchange. This claim was settled by the insurer's payment of the sum of $10,000 which appellants accepted.

Thereafter, appellants filed with the Los Angeles office of the American Arbitration Association their demand for arbitration of their claim under the policy which respondent Mid-Century had issued to Donald and seeking damages in the additional amount of $25,000 allegedly sustained by Stephen in the same accident involving the uninsured motorist.

Respondent, thereafter, filed the instant action for declaratory relief. The parties to this appeal are in agreement that the determinative issue presented to the trial court and now presented to this court is a pure issue of law, there being no dispute as to any material fact. Both policies contain provisions referred to by the parties as "Condition 16" and reading as follows:

"(16) OTHER INSURANCE—COVERAGE C (relating to Benefits for Bodily Injury Caused by Uninsured Motorists)

"With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under the Uninsured Motorists Coverage shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such auto-

---

[1]Farmers Insurance Exchange is not a party in this action.

mobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limits of liability of such other insurance.

"Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the Company shall not be liable for a greater proportion of any loss to which this Uninsured Motorists Coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance."

The trial court sustained respondent's contention that where the insured has other similar insurance coverage, the provisions of Condition 16, which conform precisely with the provisions of section 11580.2, subdivision (d) of the Insurance Code, operate to limit the recoverable damages under uninsured motorist coverage to an amount not exceeding the higher of the applicable limits of liability of the policies of insurance providing coverage. Section 11580.2, subdivision (d) of the Insurance Code reads as follows: "Subject to paragraph (c)(2), the policy or endorsement may provide that if the insured has insurance available to him under more than one uninsured motorist coverage provision, any damages shall not be deemed to exceed the higher of the applicable limits of the respective coverages, and such damages shall be prorated between the applicable coverages as the limits of each coverage bears to the total of such limits."

■ The judgment of the trial court is supported by the quoted statute and by the several California precedents in which the same issue of law has been decided. (*Prieto* v. *State Farm Mut. Auto. Ins. Co.,* 268 Cal. App.2d 891 [74 Cal.Rptr. 472]; *Darrah* v. *California State Auto. Assn.,* 259 Cal.App.2d 243 [66 Cal.Rptr. 374]; *Phoenix Assur. Co.* v. *Larsen,* 240 Cal.App.2d 94 [50 Cal.Rptr. 111]; *Kirby* v. *Ohio Cas. Ins. Co.,* 232 Cal.App.2d 9 [42 Cal.Rptr. 509]; and *Grunfeld* v. *Pacific Auto. Ins. Co.,* 232 Cal.App.2d 4 [42 Cal.Rptr. 516].) As stated in *Darrah* v. *California State Auto. Assn., supra,* 259 Cal.App.2d 243, at page 246: "It is well established that the rights of Wheatley and Darrah are to be determined by the terms of their policies provided they grant benefits at least equal to those required by the terms of section 11580.2. (*Grunfeld* v. *Pacific Auto. Ins. Co.,* 232 Cal.App.2d 4, 6 [42 Cal.Rptr. 516].) No contention is made that the policies do not comply with the Insurance Code section. Furthermore, there can be no doubt of the right of the insurance companies to limit, in accordance with section 11580.2, the coverage of their policies, and when they have done so the plain language of the limitations must be respected.

(*Continental Cas. Co.* v. *Phoenix Constr. Co.,* 46 Cal.2d 423, 432 [296 P.2d 801, 57 A.L.R.2d 914]; *Hendricks* v. *Meritplan Ins. Co.,* 205 Cal. App.2d 133, 137 [22 Cal.Rptr. 682].) And when the terms of an insurance policy are plain and explicit, the court will indulge in no forced construction so as to cast unassumed liability on an insurance company. (*Jensen* v. *Traders & General Ins. Co.,* 52 Cal.2d 786, 791 [345 P.2d 1]; *Lewis* v. *Fidelity & Cas. Co.,* 207 Cal.App.2d 160, 162 [24 Cal.Rptr. 388].)"

The textbook writers appear to be in agreement that where the claimant is covered by two or more policies containing uninsured motorist coverage, each providing that the damages shall be deemed not to exceed the higher of the applicable limits of the several policies, the claimant's recovery is limited to the amount of the insurance set by the financial responsibility laws as minimum limits. (See Widiss, A Guide to Uninsured Motorist Coverage, pp. 113 et seq., and Eisler, California Uninsured Motorist Law Handbook.)

Even in the absence of statutory provisions comparable to those of subdivision (d) of section 11580.2 of the California Insurance Code, it has been held in other jurisdictions that provisions in a policy similar to Condition 16 of the policy involved herein limit recovery to the higher of the limits of all coverages available to the insured. (*Horr* v. *Detroit Auto. Inter-Ins. Exchange,* 379 Mich. 562 [153 N.W.2d 655]; *Maryland Cas. Co.* v. *Howe,* 106 N.H. 422 [213 A.2d 420].) The rationale of these decisions is that the purpose of the statutes requiring uninsured motorist coverage is to provide protection only up to the minimum statutory limits for bodily injuries caused by financially irresponsible motorists. The law is not designed to provide the insured with greater insurance protection than would have been available had the insured been injured by an operator with a policy containing minimum statutory limits. (See also, *M.F.A. Mut. Ins. Co.* v. *Wallace,* 245 Ark. 230 [431 S.W.2d 742, 28 A.L.R.3d 551, 556].)

The cases above cited presented situations in which the injured party was claiming uninsured motorist benefits both under his own policy and also as an insured member of the household under a parent's policy. In each instance the claimant was allowed benefits in the amount of the higher limits of the two policies and the insurers were required to prorate their payments. Widiss in his treatise on uninsured motorist coverage states that the foregoing is representative of the prevailing view in this country.

Appellants have argued on the basis of testimony given by the agents of the insurers that it was the subjective intent of the agents to provide the insureds with full coverage under each policy and as such subjective intent should be controlling notwithstanding the provisions of Condition 16

in each policy. We find no merit in this argument. When the agents were asked if they subjectively intended to provide Pauline Koch and Donald Koch "each of the coverages that was provided," they gave the obviously correct affirmative answer. They intended to provide the coverage actually given under the provisions of the policies that were issued.

The judgment is affirmed.

Roth, P. J., and Fleming, J., concurred.