[No. G013373. Fourth Dist., Div. Three. Mar. 25, 1994.]

PLANET INSURANCE COMPANY, Plaintiff and Respondent, v. UNITED SERVICES AUTOMOBILE ASSOCIATION, Defendant and Appellant.

### COUNSEL

Cassidy, Warner, Brown, Combs & Thurber and Glen A. Stebens for Defendant and Appellant.

Mower, Koeller, Nebeker & Carlson and Lynn M. Bouslog for Plaintiff and Respondent.

### OPINION

**SONENSHINE, J.**—United Services Automobile Association (USAA) appeals a judgment entered in favor of Planet Insurance Company (Planet) in a declaratory relief action. The action sought reimbursement from USAA for uninsured motorist coverage benefits paid by Planet to Katherine Sanguinetti.

I

Katherine was involved in an accident with an uninsured motorist. The automobile she was driving was owned by Dodge Central of Anaheim

(Dodge), a customer of her employer, Community Tire of Brea (Community). Dodge was insured by Home Insurance Company (Home) with a $15,000 uninsured motorist limit; Community was insured by Planet with a $60,000 limit; and Kenneth Sanguinetti, Katherine's father, was insured by USAA with a $100,000 limit.

Katherine received workers' compensation benefits in the amount of $22,500 and uninsured motorist benefits from Planet in the amount of $60,000. Home declined to pay her uninsured motorist claim because of a workers' compensation offset clause in its policy. USAA denied Katherine's claim based on its "other insurance" clause which provided: "If there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. If this policy and any other policy providing similar insurance apply to the same accident, the maximum limit of liability under all the policies shall be the highest applicable limit of liability under any one policy. However, we do not provide any insurance with respect to a vehicle you do not own if the owner of that vehicle has similar insurance."

Planet filed the underlying complaint against USAA for declaratory relief, equitable subrogation and reimbursement for the uninsured motorist benefits it had paid. The trial court concluded USAA was to reimburse Planet. Its statement of decision indicated, "[t]he 'other insurance' provisions of [USAA's] policy do not relieve [it] of its obligation to pay uninsured motorist coverage benefits in the present case since [Home] . . . afforded no uninsured motorist coverage benefits to Sanguinetti. That insurer, Home, was entitled to offset from its $15,000 uninsured motorist coverage limits the $22,500 received by Sanguinetti in workers compensation benefits. Thus, there was no 'similar insurance' available to Sanguinetti."

## II

Resolution of this case turns on the interpretation of "similar insurance" in the context of Insurance Code[1] section 11580.2, subdivision (c)(2), which states: "The insurance coverage provided for in this section does not apply either as primary or as excess coverage:

". . . . . . . . . . . . . . . . . . . . . . . . . . .

"(2) To bodily injury of the insured while in or upon or while entering into or alighting from a motor vehicle other than the described motor vehicle if

---

[1] Unless otherwise indicated, all code sections refer to the Insurance Code.

the owner thereof has insurance similar to that provided in this section." Specifically, we determine whether insurance coverage is "similar" when all paid benefits are depleted by a statutory offset.

USAA contends its policy "clearly and unambiguously excludes from coverage uninsured motorist claims of an insured when they were riding in a vehicle that the insured does not own if the owner of the vehicle has uninsured motorist coverage." USAA argues its policy and Home's policy both provide the statutory minimum uninsured motorist coverage, thus the policies are "similar." We disagree.

First, we note the cases relied on by USAA, *Interinsurance Exchange* v. *Alcivar* (1979) 95 Cal.App.3d 252 [156 Cal.Rptr. 914], *Darrah* v. *California State Automobile Assn.* (1968) 259 Cal.App.2d 243 [66 Cal.Rptr. 374] and *Kirby* v. *Ohio Cas. Ins. Co.* (1965) 232 Cal.App.2d 9 [42 Cal.Rptr. 509], are inapt. The insured nonowners in these cases received benefits from the vehicle owner's uninsured motorist coverage. Here, because of Katherine's workers' compensation benefits, Home declined payment.

*California State Auto. Assn. Inter-Ins. Bureau* v. *Huddleston* (1977) 68 Cal.App.3d 1061 [137 Cal.Rptr. 690] is instructive. There, the defendants' daughter, a passenger in an insured vehicle, was killed in an accident involving an uninsured motorist. The two drivers were concurrently negligent. The family received liability policy limits from Insurance Company of North America (INA), the host driver's carrier. They failed to make an uninsured motorist claim against that carrier, however, believing it would be denied because the liability payment offset[2] was greater than the available uninsured motorist benefits. The family's uninsured motorist claim against their own carrier, California State Automobile Association Inter-Insurance Bureau (CSAA), was denied because of a provision similar to section 11580.2, subdivision (c)(2).

CSAA filed a declaratory relief action seeking determination of its duties under its policy's uninsured motorist provision. The trial court held CSAA's policy did not afford the family coverage. (*California State Auto. Assn. Inter-Ins. Bureau* v. *Huddleston, supra,* 68 Cal.App.3d at p. 1063.) On appeal, the family contended INA did not provide similar insurance and therefore CSAA had an obligation to pay them uninsured motorist benefits. The appellate court agreed. (*Id.* at p. 1068.) Its ultimate holding was based on the ambiguous nature of INA's "other insurance" provision. However, the

---

[2]The policy contained an offset for the payment of third party liability claims under the same policy. This offset was authorized by section 11580.2, subdivision (h)(2).

court noted it was possible INA's uninsured motorist provision would not afford the family similar coverage because its benefits were completely nullified by the section 11580.2, subdivision (h)(2) liability offset. If similar coverage were unavailable, section 11580.2, subdivision (c)(2) would not apply. Specifically, the court said the purpose of section 11580.2, subdivision (c)(2)—preventing double recovery when multiple policies are involved—would not be served because there was no chance for double recovery. (*California State Auto. Assn. Inter-Ins. Bureau* v. *Huddleston, supra,* 68 Cal.App.3d 1061, 1068.) To absolve CSAA from any obligation under the uninsured motorist coverage would be inequitable. (*Ibid.*)

And so it is here. The uninsured motorist claim was denied based on section 11580.2, subdivision (c)(2). But the workers' compensation offset, as the liability claim offset in *Huddleston,* was authorized by section 11580.2, subdivision (h). The trial court was correct. Home's policy did not provide Sanguinetti with similar insurance because the coverage was nullified by the workers' compensation offset.[3]

### III

We next consider the propriety of the reimbursement from USAA to Planet for the entire $60,000. USAA contends "the amount should have been prorated between the two." We agree.

Planet's policy included the following "other insurance" provisions: "1. For any covered auto you own this policy provides primary insurance. For any covered auto you don't own, the insurance provided by this policy is excess over any other collectible insurance.

". . . . . . . . . . . . . . . . . . . . . . . .

"2. When two or more policies cover on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the limits of our policy bears to the total of the limit of all the policies covering on the same basis."

---

[3]Although this is strictly a declaratory relief action between two insurance companies, it is important to point out this conclusion furthers the remedial purpose underlying section 11580.2, subdivision (c)(2). To hold similar insurance was available when all uninsured motorist benefits are depleted by offsets would offend the statutory purpose of compensating individuals injured through no fault of their own. (*Security Nat. Ins. Co.* v. *Hand* (1973) 31 Cal.App.3d 227 [107 Cal.Rptr. 439].)

Planet maintains it is the excess carrier because the USAA policy includes only a proration provision, while the Planet policy includes such a provision *and* an excess coverage clause. Therefore, according to its own policy, the two policies do not "cover on the same basis."

This argument ignores section 11580.2, subdivision (d), which provides in part, ". . . the policy or endorsement may provide that if the insured has insurance available to the insured under more than one uninsured motorist coverage provision, any damages shall not be deemed to exceed the higher of the applicable limits of the respective coverages, and the damages shall be prorated between the applicable coverages as the limits of each coverage bear to the total of such limits." As explained in *Prieto* v. *State Farm Mut. Automobile Ins. Co.* (1969) 268 Cal.App.2d 891, 893 [74 Cal.Rptr. 472], inclusion of this provision is permissive, but once contained within a policy, it must be given effect.

*Prieto* is identical to our situation. Two policies provide uninsured motorist coverage to Sanguinetti. Planet's policy contains an excess clause and USAA's contains a proration clause. Planet's argument is the same as State Farm's: Because its policy clearly and specifically provides excess coverage, USAA is not entitled to proration. Planet even relies on the same cases State Farm did. (See *Phoenix Assur. Co.* v. *Larsen* (1966) 240 Cal.App.2d 94 [50 Cal.Rptr. 111]; *Grunfeld* v. *Pacific Auto. Ins. Co.* (1965) 232 Cal.App.2d 4 [42 Cal.Rptr. 516]; and *Kirby* v. *Ohio Cas. Ins. Co., supra,* 232 Cal.App.2d 9.)[4] As the *Prieto* case explained, these cases do not support Planet's position nor do they address the point at issue. Because USAA's policy contains the statutory proration clause, it must be given deference.

The amount of reimbursement to which Planet is entitled is determined according to the language in USAA's "other insurance" clause: "Our share is the proportion that our limit of liability bears to the total of all applicable limits." Accordingly, USAA's policy limit of $100,000 is divided by the total of all applicable limits, $160,000, and multiplied by the amount of benefits paid, $60,000. USAA is required to reimburse Planet $37,500.

---

[4]The other cases relied on by Planet merely upheld the validity of excess provisions in other situations. They do not address the problem of policies containing conflicting excess and prorate provisions in uninsured motorist situations. (See *Interinsurance Exchange* v. *Spectrum Investment Corp.* (1989) 209 Cal.App.3d 1243, 1256 [258 Cal.Rptr. 43]; *Mission Ins. Co.* v. *Hartford Ins. Co.* (1984) 155 Cal.App.3d 1199 [202 Cal.Rptr. 635]; and *National American Ins. Co.* v. *Insurance Co. of North America* (1977) 74 Cal.App.3d 565, 574 [140 Cal.Rptr. 828].)

The court is directed to set aside its award of $60,000 in favor of Planet and in its place enter an award of $37,500. The judgment in favor of Planet is affirmed as modified. USAA shall recover its costs on appeal.

Moore, J., concurred.

**WALLIN, Acting P. J.**—I concur in the result only.

I also wish to point out that we are not deciding Home Insurance was entitled to offset the workers' compensation payment to Katherine Sanguinetti and thereby avoid uninsured motorist liability. As this case is presented, that offset is a fait accompli.

A petition for a rehearing was denied April 21, 1994.