Calvin E. CHANDLER, Appellant,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellee.

No. 21501.

United States Court of Appeals
Fifth Circuit.

March 5, 1965.

Rehearing Denied April 2, 1965.

Joseph S. Rodriguez, St. Petersburg, Fla., for appellant.

Thomas C. MacDonald, Jr., Tampa, Fla. (Shackleford, Farrior, Stallings, Glos & Evans, Tampa, Fla., of counsel), for appellee.

Before TUTTLE, Chief Judge, RIVES, Circuit Judge, and DYER, District Judge.

PER CURIAM:

Under the Florida statute, F.S.A. § 627.0851(1), the appellee Insurance Company was required to include a provision in its policy to the appellant insuring him or his legal representatives up to the limits of $10,000 and $20,000 as to all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile. Insured's policy also, however, contained an "other insurance" clause, which, if applicable here, would make the coverage unavailable to the appellant because at the time of the injury brought about by the uninsured motorist, appellant was also protected as a passen-

ger in an automobile of another insured person.

We conclude that there is no merit in appellant's contention that the statute requires that the protection provided in appellant's own policy be available to him as against an uninsured motorist, notwithstanding any other provisions of his policy, since we conclude that the public policy of the state of Florida, in providing for such protection, was to afford the public generally the same protection that it would have had if the uninsured motorist had carried the minimum of $10,000 and $20,000 limits as public liability coverage. The protection afforded by the "other insurance" on the car in which appellant was a guest affords that amount of protection, even though it is obvious from the stated facts that there will not be adequate protection to protect all of the persons injured in the accident to the full extent of their claims against the uninsured motorist. This results from the fact that the State's limits of protection provided for the public against injuries caused by uninsured motorists are $10,000 for a single claimant and $20,000 per accident.

The judgment of the trial court is affirmed.