**Robert A. LUND, as Administrator of the Estates of Richard C. Lund, et al., Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign insurance corporation, Defendant.**

Civ. No. 72–72.

United States District Court, W. D. Oklahoma.

May 22, 1972.

Daniel C. McClung, of Gurley, Mc-Clung & Rogers, Blackwell, Okl., for plaintiff.

Clayton B. Pierce and Calvin W. Hendrickson, of Pierce, Couch, Hendrickson, Gust, Short, Oklahoma City, Okl., for defendant.

## MEMORANDUM OPINION AND ORDER

EUBANKS, District Judge.

This is a diversity action which was removed from the District Court of Kay County, Oklahoma. Both Plaintiff and Defendant have moved for summary judgment and the motions are now before the Court for disposition.

The Amended Complaint alleges that Richard C. Lund and Dorothy A. Lund and their three minor daughters were killed instantly in an automobile collision when the automobile in which they were riding was struck by an automobile being driven by Jerry Miller in a negligent manner. They left surviving James C. Lund, a minor, age 18, who lived with his parents and was dependent upon them for support and care. The Answer of Defendant admits the negligence of Jerry Miller.

The Amended Complaint alleges that Jerry Miller carried automobile liability insurance with Western Casualty Company of Ft. Scott, Kansas, with limits of $5,000.00 covering injury to one person and $10,000.00 for each accident, and that Richard C. Lund and Dorothy A. Lund carried uninsured motorist insurance with the Defendant with limits of $10,000.00 for injury to one person and $20,000.00 for each accident. The Plaintiff is the Administrator of the Estates of Richard C. Lund, Dorothy A. Lund, and each of the three deceased minor daughters, and he also is the Guardian of the Estate and Person of James C. Lund, a minor son, living with and dependent upon his father and mother for support at the time of their deaths.

The Amended Complaint further alleges that Western Casualty, as the insurer of the tortfeasor, has paid to the Plaintiff the sum of $2,000.00 for each estate of the Plaintiff's five decedents and that the tortfeasor was thus an uninsured motorist and that Defendant is liable under its policy. In short, the contention of the Plaintiff is that although the tortfeasor carried insurance in the amount required by the Oklahoma Financial Responsibility Act, when it has been divided among the estates of five decedents, Miller was thereby rendered an uninsured motorist under the terms of the Lund policy with the Defendant.

The rights and obligations of the parties are to be determined by the applica-

ble statutes and the insurance contract. We turn first to the statutes. They are 36 O.S. § 3636 et seq. and 47 O.S. § 7–204. The title to the Legislative Bill [H. B.No.802], C. 106, 1968 Session Laws, which became 36 O.S. § 3636 et seq., provides in pertinent part as follows:

An Act relating to insurance: requiring that an *'uninsured motorist clause'* be contained in every *automobile liability insurance policy*; *prescribing the limits of liability of such coverage*; . . . *defining terms* . . . [Emphasis supplied]

The statutory language which follows reads as follows:

A. No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be issued, delivered, renewed, or extended in this State with respect to a motor vehicle registered or principally garaged in this State unless the policy includes the coverage described in subsection (B) of this section.

B. The policy referred to in subsection (A) of this section shall provide coverage therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of *uninsured motor vehicles* and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom. Coverage shall not be less than the amounts or limits prescribed for bodily injury or death for a policy meeting the requirements of 47 O.S.1961 § 204, [sic] as the same may be hereafter amended; provided, however, that larger amounts of liability may be offered and purchased if desired. [36 O.S. § 3636] [Emphasis supplied]

C. For the purpose of this coverage the term "uninsured motor ve-

hicle", shall, subject to the terms and conditions of such coverage, be deemed to include an uninsured motor vehicle where the liability insurer thereof is unable to make payment with respect to the legal liability of its insured within the limits specified therein because of insolvency.

Title 47, Section 7–204 which is an integral part of the Oklahoma Motor Vehicle Financial Responsibility Act, provides in pertinent part as follows:

No policy . . . shall be effective . . . unless such policy . . . is subject, if the accident has resulted in bodily injury or death, to a limit, exclusive of interest and costs, of not less than Five Thousand Dollars ($5,-000.00) because of bodily injury to or death of one person in any one accident and subject to said limit for one person, to a limit of not less than Ten Thousand Dollars ($10,000.00) because of bodily injury or death of two or more persons in any one accident . .

The statutory language is not ambiguous. Significantly, the statute does not define the term "uninsured motor vehicle" either by words of inclusion or exclusion. Webster's New Third International Dictionary defines "uninsured" to mean "not insured." The statute does, however, provide that "coverage shall not be less than the amounts of limits prescribed for bodily injury or death for a policy meeting the requirements of 47 O.S.1961, § 204.mm" [sic]. If coverage of a tortfeasor is in amounts which meet the requirements of 47 O.S.1961 § 7–204 [$5,000.00–$10,000.00], then the motor vehicle is insured within the meaning of 36 O.S. § 3636.

▮▮ At the time of the collision involved herein, the motor vehicle of the tortfeasor, Jerry Miller, was insured by Western Casualty with coverage limits of $5,000.00 for injury to or death of one person but subject to the limitation of $10,000.00 for each accident. Western Casualty is authorized to do business in Oklahoma. The policy of Western Casualty complied with the Oklahoma stat-

ute. In short, the coverage provided by Western Casualty complied with the statute. The automobile being operated by the tortfeasor, Jerry Miller was an insured motor vehicle. It was not uninsured.

We turn next to the insurance policy issued by Defendant, covering the decedents as "insureds." We look, therefore, to the terms and conditions of the coverage. Here again the language is not ambiguous. The Insuring Agreements under Section III, styled "UNINSURED MOTOR VEHICLE COVERAGE", read in pertinent part as follows:

COVERAGE U—DAMAGES FOR BODILY INJURY CAUSED BY UNINSURED MOTOR VEHICLES. To pay all sums which the *insured* or his legal representative shall be legally entitled to recover as damages from the owner or operator of an *uninsured motor vehicle* because of *bodily injury* sustained by the *insured,* caused by accident and arising out of the ownership, maintenance or use of such *uninsured motor vehicle* provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the *insured* or such representative and the company or, if they fail to agree, by arbitration provided that if agreement by arbitration is not reached within 3 months of the date of demand, the *insured* may sue the tort-feasor. [Emphasis added]

Thereafter, the word "insured" and the term "uninsured motor vehicle" are defined. The policy definitions in pertinent part are as follows:

Insured—The unqualified word "insured" means

(1) the first *person* named in the declarations and while *residents* of his household, his spouse and the relatives of either;

(2) any other *person* while *occupying* an *insured automobile;* and

(3) any *person,* with respect to damages he is entitled to recover because of *bodily injury* to which this coverage applies sustained by an insured under (1) or (2) above.

Uninsured motor vehicle—means:

(1) A land motor vehicle with respect to the ownership, maintenance or use of which there is in at least the amounts specified by the financial responsibility law of the state in which the insured motor vehicle is principally garaged, *no bodily injury liability* bond or *insurance policy applicable at the time of the accident* with respect to any person or organization legally responsible for the use of such vehicle, or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same denies that there as any coverage thereunder or is or becomes insolvent; [emphasis added]

■ Western Casualty has paid to the Plaintiff the sum of $10,000.00. That amount is both the policy maximum of its insured, the tortfeasor, and is also the statutory minimum. By agreement between said carrier and the Plaintiff the $10,000.00 was divided equally, i. e. $2,000.00 each, among the estates of the five decedents. Neither the statute nor the policy of the tortfeasor, where the maximum is owed, speaks to the subject of any division of that maximum. The maximum coverage of $10,000.00 was paid by Western Casualty to the Plaintiff and any agreement between Western Casualty and the Plaintiff as to the distribution thereof does not increase the responsibility of the Defendant herein. The Defendant was not a party to the agreement and we view it as a matter of no importance that it was invited by Plaintiff to join in the agreement and declined to do so.

■ The sum of $10,000.00 was paid for all wrongful deaths arising out of the same automobile accident. Plaintiff could recover only as the guardian of

James C. Lund, a minor. Recovery for wrongful death in Oklahoma can be had only for pecuniary loss measured by pecuniary standards. Magnolia Petroleum Co. v. Sutton, Okl.1953, 257 P.2d 307. The Plaintiff, as administrator of the estates of the three minor decedents and as guardian of James C. Lund had no cause of action for the wrongful instantaneous deaths of the three minors because they are not "persons who are legally entitled to recover damages" within the language of the statute nor "legally entitled to recover as damages" within Coverage styled "U" in the policy. Thus it was that at the pre-trial conference of April 13, 1972, Plaintiff withdrew his claim for any further damages by reason of the deaths of the three minors and seeks no recovery in this case against this Defendant for their wrongful deaths.

Plaintiff argues that the facts and law in the case at hand are "identical" to those involved in, Porter v. Empire Fire and Marine Insurance Company, 1970, 106 Ariz. 274, 475 P.2d 258. The Court disagrees. The case is to be distinguished on the facts. There an insured, who had been injured in an automobile accident caused solely by the negligence of another and who because of a four-way splitting of the other's liability insurance had received only $2,500.00 for his injuries. The Court held that he was entitled to recover an additional $7,500.00 of his admitted damage under his own uninsured motorist coverage. In that case, unlike here, there was admitted legal liability of the tortfeasor to all parties who participated in the four-way split of the maximum amount of his admitted liability. Here there is not legal liability respecting the wrongful deaths of three of the decedents.

The Court finds Transportation Insurance Company v. Wade, 1970, 106 Ariz. 269, 475 P.2d 253, to be more persuasive. There the Plaintiff had collected $10,000.00 under the uninsured motorist provision of a policy owned by the driver of the car in which Plaintiff had been riding at the time of the accident. Plaintiff then attempted to recover for his injuries that exceeded $10,000.00 from an uninsured motorist policy with a $10,000.00 limitation per person in a policy that he carried. The Court ruled that since the Plaintiff had been afforded the minimal protection specified in the Financial Responsibility Act from the driver's policy, he was, by the terms of the policy, precluded from further recovery under the uninsured motorist provision of his own policy. In concluding the opinion therein the Court said:

> If the health, safety and welfare of the motoring public require greater protection, the means of providing such extended insurance coverage lies solely within the province of the Legislature, p. 258.

The Court has found no reported case involving the precise question involved herein. All cases relied upon by the Plaintiff are to be distinguished. The "uninsured motorist", as the Court said in *Porter*, supra, "has been treated to definitions, principles and rules almost as varied as the fact-patterns presented to the courts of the several states, but without the emergence of a single, consistent line of reasoning which can serve as a guideline in their determination of subsequent, similar cases." Any effort on the part of this Court to discover a consistent line of reasoning running throughout the decided cases would unduly prolong this opinion and would, by legislative change, probably be soon outmoded by legislative action.

In Smiley v. Estate of Toney, 1970, 44 Ill.2d 127, 254 N.E.2d 440, the Illinois court rejected the argument that the statute allowed compensation of the injured party for his damages to the extent of the insurance available, including the insurance carried by a tortfeasor and the insurance carried by the Plaintiff. The Court said:

> The difficulty with this argument is that it would expand the statute so that it would apply to every tortfeas-

or whose insurance coverage, no matter how large it may be, is still less than that of the plaintiff under the un-uninsured motorist provision of his own policy. We are aware of no case that has so held, and certainly the language of the statute does not suggest this result. Indeed, under the plaintiffs' interpretation that statutory reference to "owners or operators of uninsured motor vehicles and hit-and-run [motorists]" would be meaningless or misleading. As we read the statute, mandatory coverage is required only up to the amounts required by the financial responsibility law. The cases that have permitted recovery under uninsured motorists clauses although the tortfeasor was actually insured *were cases in which the latter was insured in an amount less than that required by the applicable financial responsibility law.* In such a situation, as pointed out by Chief Justice Kenison in the *Carrignan* case, policy restrictions that contravene the purpose and objective of the statute are superseded. Beyond the area of mandatory coverage, however, the parties are governed by their contract. [Emphasis added]

Virtually all of the relevant cases are cited and discussed in a 1969 Annotation of "Automobile Insurance: What Constitutes an "Uninsured" or "Unknown" Vehicle or Motorist, within Uninsured Motorist Coverage" in 26 A.L.R.3d 883–918. Later cases are cited and discussed in 1971–72 Supplement to "A Guide to Uninsured Motorist Carriage" by Alan I. Widiss.

The insurance policy sued on by the Plaintiff does not permit recovery. It is binding upon the Plaintiff as the representative of the insureds.

For the reasons aforesaid the Court finds that Defendant's Motion for Summary Judgment should be sustained and that Plaintiff's like motion should be denied.