**Elliott D. SIMMONS, Appellant,**

v.

**HARTFORD ACCIDENT & INDEMNITY COMPANY, a Foreign Corporation, and Progressive Casualty Insurance Company, a Foreign Corporation, Appellees.**

**No. 46724.**

Supreme Court of Oklahoma.

Nov. 4, 1975.

Rehearing Denied Jan. 13, 1976.

Robert T. Keel, Oklahoma City, for appellant.

Dale Reneau, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for appellee, Hartford Accident & Indemnity Co.

Clayton B. Pierce, John R. Couch, Oklahoma City, for appellee, Progressive Casualty Ins. Co.

BARNES, Justice:

The question presented by Appellant is whether, as to him, the vehicle in which he was riding at the time of the accident in question was uninsured within the meaning of Title 36 O.S.1971, § 3636 [Uninsured Motorist Coverage], and the insurance policies then in force.

Appellant Simmons' injuries and damages were admittedly caused by the negligence of the driver of the car in which he was a passenger. Hartford Accident & Indemnity Company [Hartford] had issued a policy of insurance on the automobile in which Appellant was riding, with limits of $5,000.00 for injury to one person and $10,000.00 for injury to two or more persons. Admittedly the driver of the car was insured under the terms of the policy, and Hartford had expended the sum of $9,211.30 in settlement of claims arising out of the accident to occupants of the other car involved in the accident. Hartford tendered to Appellant Simmons the unexpended balance [$788.70] of the $10,000.00 liability assumed by it on account of the negligence of the driver of the car in

which Appellant Simmons was riding. Simmons refused the tender, contending that in order to satisfy the requirement of "insured motorist" the limit of liability should be $5,000.00 for each person injured, irrespective of the number of persons injured. He further reasoned that since, in his opinion, the driver of the car in which he was riding was uninsured as to him, then he would be permitted to invoke the uninsured motorist benefits of his own policy with Progressive Casualty Insurance Company, as well as the uninsured motorist coverage of the Hartford policy.

The other car and driver involved in the accident were not covered by liability insurance. The driver of that car, Darlene Johnson, was joined as a party defendant in an earlier action, along with the Estate of Carvin Ballard, deceased, on the theory that they were joint tort-feasors. Service was never obtained upon Darlene Johnson, and Appellant recovered a $15,000.00 judgment against Earlie Ballard, Administrator of the Estate of Carvin Ballard, deceased. Appellant then brought this suit against Hartford and Progressive.

The case hinges upon the interpretation of 47 O.S.1971, § 7–204:

"(a) No policy . . . . shall be effective . . . unless issued by an insurance company or surety company . . . unless such policy or bond is subject, if accident has resulted in bodily injury or death, to a limit, exclusive of interest and costs, of not less than Five Thousand Dollars ($5,000.00) because of bodily injury to or death of one person in any one accident and, subject to said limit for one person, to a limit of not less than Ten Thousand Dollars ($10,000.00) because of bodily injury to or death of two or more persons in any one accident . . . ."

and 36 O.S.1971, § 3636:

"(B) The policy (liability coverage for bodily injury) shall provide coverage therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover dam-

ages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom. Coverage shall be not less than the amounts of limits prescribed for bodily injury or death for a policy meeting the requirements of 47 O.S.1961, § (7–204) . . . .

"(C) For the purposes of this coverage the term 'uninsured motor vehicle', shall, subject to the terms and conditions of such coverage, be deemed to include an insured motor vehicle where the liability insurer thereof is unable to make payment with respect to the legal liability of its insured within the limits specified therein because of insolvency."

and the uninsured motorist provision in Progressive's policy:

"Coverage I—Damages for Bodily Injury Caused by Uninsured Automobiles. To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury.

. . .

\*   \*   \*   \*   \*   \*

" 'Uninsured automobile' . . . means:

(a) an automobile or trailer with respect to the ownership . . . in at least the amounts specified by the financial responsibility law of the state in which the insured automobile is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person . . . or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same denies coverage thereunder. . . ."

We have not previously passed on the meaning of uninsured motorist as used in § 3636, supra, but a number of the courts have.

In *Villarreal v. Texas Farmers Ins. Co.* (Tex.Civ.App.), 510 S.W.2d 633, the Court said:

"The terms insured and uninsured are words of common meaning and understanding. An insured is a person whose life or property is insured by a policy of insurance. The prefix 'un' means not! Automobile liability insurance is insurance that provides protection against loss from or legal liability for damages arising out of the ownership, maintenance, or operation of a motor vehicle. It is the duty of the courts to give full recognition to the legislative intent. When the intent is plainly expressed in the language of a statute, we must give effect to such language without attempting to construe or give it a meaning that its ordinary signification does not import. The definitions of an uninsured automobile in the respective policies of these plaintiffs do not contravene the intent and purpose of the statute in question. See *Detrick v. Aetna Casualty and Surety Company*, 261 Iowa 1246, 158 N.W.2d 99 (1968).

"Here Gerald Mitchell was the owner of a policy of liability insurance. He was insured in the amount required by the Texas Motor Vehicle Safety Responsibility Law. Mitchell was insured under any definition of the word, and in particular under the definition of 'uninsured automobile' which is contained in the uninsured motorist's provisions of the Standard Texas Family and Automobile insurance policy. Mitchell had insurance in the amount that was required under Texas law. Mitchell's liability carrier was not insolvent. The company did not deny coverage. It is clear to us that Mitchell was not an uninsured motorist so that the uninsured motorist provision in plaintiffs' insurance policies could come into effect.

" . . . Our Supreme Court has approved the holding in *Kemp v. Fidelity & Casualty Co. of New York,* supra, which is contrary to Porter (*Porter v.*

*Empire Fire & Marine Ins. Co.,* [106 Ariz. 274] 475 P.2d 258)."

In *Kemp v. Fidelity & Casualty Co. of New York* (Tex.Civ.App.), 504 S.W.2d 633, the Texas Court said:

"Appellants rely upon *Porter v. Empire Fire & Marine Insurance Company,* 106 Ariz. 274, 475 P.2d 258, which fully supports their contention. We choose, however, not to follow the reasoning and rationale of *Porter.* It is true, as observed in *Porter,* the appellants would have been in better position if the tortfeasor Smith had carried no liability insurance. While this is true in this particular case, we do not feel that this is sufficient reason to enlarge the meaning of words which are clear and unambiguous."

■ See, also, *McMinn v. New Hampshire Ins. Co.* (Miss.), 276 So.2d 682; *Chandler v. Government Employees Ins. Co.,* 5 Cir., 342 F.2d 420; *Detrick v. Aetna Casualty & Surety Co.,* 261 Iowa 1246, 158 N.W.2d 99; *Smiley v. Estate of Toney,* 44 Ill.2d 127, 254 N.E.2d 440; *Lund v. State Farm Mutual Automobile Ins. Co.* (W.D. Okl.), 342 F.Supp. 917; and *Darrah v. California S.A. Ass'n,* 259 Cal.App.2d 243, 66 Cal.Rptr. 374, all to the effect that a motorist is not an uninsured motorist if he carries the minimum coverage required by their statutes.

■ Appellant, in fact, is contending that 36 O.S.1971, § 3636, requires $5,000.00 coverage for each person injured in an accident. This is contrary to the plain language and plain intent of the statutes heretofore set out. Decedent Ballard had insurance, the liability limits of which met the statutory requirements, i. e., $5,000.00 and $10,000.00.

We further note that uninsured motorist coverage is defined in the policy as being "in at least the amounts specified by the financial responsibility law of the State."

■ It is the province of this Court to interpret the statute, and the fact that it does not provide adequate minimums to

take care of Appellant's injuries is a matter for the Legislature to correct, rather than one for this Court to rewrite. We find that decedent Ballard was not an uninsured motorist and that the summary judgment of the trial court in favor of the insurance companies was correct because the Bruton vehicle was covered by a statutorily adequate liability policy and hence it was not an "uninsured vehicle" as the term is defined in the insurance policies in question and as provided for in the statutes of the State of Oklahoma. Under the present uninsured motorist statute a driver or car is insured if it has minimum coverage of $5,000.00 for one person and $10,000.00 for two or more persons injured in one accident. We do not interpret this to mean a minimum of $5,000.00 for each individual who might be injured.

Certiorari granted; Court of Appeals reversed, and judgment of the trial court affirmed.

DAVISON, IRWIN, LAVENDER and SIMMS, JJ., concur.

WILLIAMS, C. J., HODGES, V. C. J., and BERRY and DOOLIN, JJ., dissent.

HODGES, Vice Chief Justice (dissenting).

The sole question presented for our determination is whether the existence of an automobile liability insurance policy with limits sufficient to satisfy the minimum statutory requirements, but insufficient to satisfy admittedly valid multiple tort claims, renders that vehicle an uninsured motor vehicle under the provisions of the claimants' automobile policies. I believe it does.

The obvious purpose behind 36 O.S.1971 § 3636 was to close the chasm inherent in the Financial Responsibility Act, 47 O.S. 1971 § 7–101 et seq., when it was discovered that the Act did not adequately protect those injured by financially irresponsible motorists. This lack of protection was so apparent that by 1968, forty-six states, including Oklahoma, had enacted statutes requiring uninsured motorist coverage to be included in standard automobile liability policies unless expressly waived by the insured.

Uninsured Motorists Statutes are remedial. They are to be liberally construed to accomplish their legislative purpose, that of providing coverage for injuries which would otherwise go uncompensated, and to provide the same protection to a person injured by an uninsured motorist as he would have enjoyed as if the uninsured motorist himself carried effective liability insurance. *Balestrieri v. Hartford Accident & Indemnity Ins. Co.*, 22 Ariz.App. 255, 526 P.2d 779, 781 (1974); *Webb v. United States Auto. Ass'n.*, 227 Pa.Super. 508, 323 A.2d 737, 742 (1974); *Charest v. Union Mut. Ins. Co. of Providence*, 113 N. H. 683, 313 A.2d 407 (1973); *Chavez v. State Farm Mut. Ins. Co.*, 533 P.2d 100 (N.M.1975).

Contracts of insurance as well as the statutes regulating insurance are to be liberally construed in favor of the object to be accomplished. If the provisions of the policy or the statute are capable of being construed in two ways, the interpretation which is most favorable to the insured should be placed on the provisions. Purchasers of insurance are to be awarded protection and benefits for which they have paid when such benefits can be justified on sound legal reasons. *Leist v. Auto Owners Ins. Co.*, 311 N.E.2d 828, 835 (Ind.App.1974); *Continental Cas. Co. v. Beaty*, 455 P.2d 684 (Okl.1969); *Aetna Ins. Co. v. Zoblotsky*, 481 P.2d 761 (Okl. 1971).

The purpose of the uninsured motorist law is not to provide coverage for the uninsured vehicle. Its object is to afford the insured additional protection in the event of an accident, and to provide benefits in specified amounts for the person who pays for such coverage based on the contract between the parties. The right to recovery is not, and should not, be dependent upon the decision of a third party as to the amount of liability coverage he should buy.

*Hanlon v. Buckeye Union Insurance Co.,* 324 N.E.2d 598, 604 (Ohio 1975); *Rhodes v. Automotive Ignition Co.,* 218 Pa.Super. 281, 275 A.2d 846, 848 (1971).

Reliance on the literal meaning of the word "uninsured" motorist as adopted by the majority opinion is contra to the clear legislative intent of the statute. The majority opinion states that a vehicle covered by a statutorily adequate policy is not uninsured. The statutes, 36 O.S.1971 § 3636 and 47 O.S.1971 § 7–204(a) clearly provide that a limit of five thousand dollars is required for bodily injury or death to one person.

In construing a contract of insurance, the court should determine whether a proposed construction has a rational relationship to the object sought to be obtained. The object to be achieved by the statute and the contract is to make available to an injured insured the full amount of his damages up to the minimum amount prescribed by the Financial Responsibility Act. This is so whether the sum is recoverable from a tort-feasor's liability policy, the injured uninsured motorist coverage, or both. *Hanlon v. Buckeye Union Ins. Co.,* 324 N. E.2d p. 603 supra.

In the *Hanlon* case and the case at bar the question is whether an interpretation which excludes an insured from participating in benefits for which he paid insurance premiums, solely for his own benefit, is reasonable and if construction of an insurance contract and the statute which excludes a party to the contract from its benefits is so unreasonable as to be contrary to the public policy of Oklahoma. If so, it mandates an interpretation which affords the protection that the purchaser of the coverage understood he would receive.

At 324 N.E.2d page 604 of *Hanlon v. Buckeye Union Ins. Co.,* supra, the court stated:

"Very little reflection is required to decide that it was the legislative intent and that it was within the contemplation of the parties to the insurance contract that an insured is entitled to recover from his own insurance company up to the amount of his uninsured coverage if his damages can not be compensated by a tort-feasor's insurance up to such amount."

The basic result of the majority opinion is that if a tort-feasor motorist has no insurance, an insured has the right to recover on his uninsured coverage, but if that tort-feasor had minimum limits liability coverage there could be no recovery on the uninsured provision, even though he has paid for the coverage. The reason given for denying such benefits is that there is no right to recovery when the tort-feasor carries limits which are statutorily sufficient.

Our statute, 36 O.S.1971 § 3636(A), provides "no automobile liability policy" shall be issued unless it offers coverage for payment within limits of what an uninsured motorist would be liable for to an insured for bodily injuries. This unambiguously grants the victim prima facie recourse to any and all applicable policies.

The aim of this legislation is to provide financial protection in the minimum amount of $5,000.00. An automobile or a motorist is "uninsured" within the meaning of our statutes to the extent that the liability exceeds the amount of insurance actually available to the victim who has paid for uninsured motorist coverage. This construction is the only one which is reasonable, and permits the legislative intent of the statutes to be exercised. In a multiple victim accident caused by a minimally insured tort-feasor, individual recoveries from the tort-feasor's insurance carrier can be minute compared with the damage incurred. When a tort-feasor's liability is greater than his insurance coverage, he is clearly uninsured for the difference.

This position is supported by *Porter v. Empire Fire & Marine Ins. Co.,* 106 Ariz. 274, 475 P.2d 258 (1970). Porter, who carried uninsured motorist coverage, was

one of five persons injured in an automobile accident caused by a tort-feasor who carried the minimum liability coverage required by law. Porter's share of that insurance came to $2500.00. The Arizona Supreme Court held that under the Uninsured Motorist Statute, Porter was entitled to recover an additional $7500.00 of his admitted damage under his own uninsured motorist coverage. The court at p. 263, 475 P.2d at p. 263 determined:

> "The uninsured policy is issued for the protection of the insured in the minimum amount provided in the Financial Responsibility Act. Otherwise, . . . the insured might be better off if the offending motorist had no insurance whatsoever. We agree with the principle that the person who avails himself of the protection afforded by uninsured motorist coverage should be permitted to recover as if the tort-feasor had the minimum amount of liability insurance; provided that there be available to him the full amount of his damages, up to the minimum amount prescribed by the Financial Responsibility Act, which in this case is $10,000. This is so whether this sum is recoverable under the insured's policy alone or in combination with those funds actually receivable from the tort-feasor's liability coverage."

In an identical situation, it was recently determined in *Hanlon v. Buckeye Union Insurance Co.,* supra, that although the tort-feasor had coverage in the amount of the statutory limits, it was not logical or just to hold that an insured motorist's right to recover on a contract between himself and his insurance company be dependent on how the proceeds of the tort-feasor's liability policy are spent. The court stated at 324 N.E.2d page 605:

> "We repeat, it definitely is not consistent with the public policy of Ohio to so construe a contract or a statute as to hold that a person's right to recover benefits for which he paid a premium is eliminated because some other person

gets to the courthouse before he does or because some other party failed to have unlimited liabilities insurance coverage."

I believe it is also against the public policy of the State of Oklahoma.

I, therefore, respectfully dissent.